■ MICHELE T. MONACO, Respondent, v SAINT MARY'S HOSPITAL OF TROY, INC., Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered October 31, 1991 in Albany County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff replied to a newspaper advertisement placed by defendant on January 7, 1990 for the position of Nurse Manager in Oncology. On February 16, 1990, after being interviewed, defendant offered plaintiff the position with a starting date of March 19, 1990. Plaintiff accepted the position and tendered a resignation to her former employer. On March 1, 1990 defendant rescinded the offer of employment. Plaintiff sued defendant alleging a willfully fraudulent breach of an employment contract and reliance on willful and fraudulent representations which caused her to relinquish her employment. Defendant's motion to dismiss for failure to state a cause of action was denied. There should be a reversal.

On a motion to dismiss, the allegations of the complaint must be liberally construed in favor of plaintiff but the court must grant the motion if plaintiff has failed to state a cause of action. Plaintiff's first cause of action seeks recovery for breach of an alleged employment agreement. The complaint does not allege a contract for a fixed duration or that the employment contract was subject to a personnel manual which in some way limited defendant's right to discharge the employee. The cause of action sets out an employment at will. Plaintiff's first cause of action thus fails to state a cause of action recognizable in this State in that an employment at will can be terminated at any time (see, Murphy v American Home Prods. Corp., 58 NY2d 293; see also, Dicocco v Capital Area Community Health Plan, 159 AD2d 119, lv denied 77 NY2d 802).

Plaintiff also sued defendant in tort alleging that she relin-

quished her employment because of her reliance on defendant's representations. This cause of action must also fail for lack of specificity. Nowhere are any specific representations set out as to the duration of the offered employment or assurances concerning discharge. Absent specific allegations of misrepresentation, the claim fails for failure to state a cause of action (see, CPLR 3016 [b]).

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.