■ DEBORAH NAVARETTA, Respondent, v GROUP HEALTH, INC., Appellant. [595 NYS2d 839] —Harvey, J. Appeal from an order of the Supreme Court (Doran, J.), entered June 22, 1992 in Schenectady County, which, *inter alia,* denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff had been employed by an insurance company for several years before applying to defendant for a position as a claims examiner. On September 6 or 7, 1990, plaintiff had an interview for the job with Jeffrey Nikles, a supervisor for defendant. At the interview, Nikles mentioned that certain training courses would be given and that tests would be taken on the training materials. Plaintiff avers that she advised Nikles at that time that because she did not test well she would not be interested in the job if not passing the tests would mean she would ultimately lose the job. She claims that Nikles told her there was no need to worry about the tests and that the tests were "not that important". According to plaintiff, at no point did Nikles indicate that the tests were pivotal to her employment. Thereafter, plaintiff left her former job and commenced employment with defendant. On her first day of work, plaintiff discovered that successful completion of the tests was mandatory and a failure of these tests would result in termination. Plaintiff subsequently failed three tests and her employment with defendant ended.[1] Plaintiff then commenced this action alleging that defendant's agent, Nikles, fraudulently represented that the proposed tests were unimportant when in fact they were crucial to her employment with defendant. Plaintiff claims that Nikles made these false representations and withheld pivotal information[2]

---

1. Although plaintiff anticipated her termination by leaving voluntarily, defendant does not dispute that she would have been fired had she not left on her own.

2. To the extent that plaintiff alleges that defendant omitted crucial facts as opposed to making an affirmative misrepresentation, she still makes out a cognizable claim for fraudulent misrepresentation. Although Nikles was not in a fiduciary relationship with plaintiff, this Court has previously held

for the purpose of inducing her to terminate her previous employment and work for defendant. Following joinder of issue and discovery, plaintiff moved for certain relief and defendant cross-moved for summary judgment. Supreme Court denied both motions and this appeal by defendant followed.

We affirm. Defendant strenuously asserts on this appeal that the complaint should be dismissed because plaintiff's employment was "at will", a relationship that "accords the employer an unfettered right to terminate the employment at any time" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304; *see, Sabetay v Sterling Drug,* 69 NY2d 329, 334). Plaintiff concedes that she was hired as an "at will" employee and asserts that she is not suing defendant based on a breach of her employment contract but on a tort claim that defendant's agent fraudulently misrepresented facts to induce her into entering into employment with defendant. Such a cause of action is cognizable if specific enough *(see, Monaco v Saint Mary's Hosp.,* 184 AD2d 985) and if the plaintiff alleges misstatements of existing fact as opposed to expressions of future expectation *(see, Stewart v Jackson & Nash,* 976 F2d 86, 89; *see also, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 407). In other words, the party alleging such a cause of action must buttress the claim "with any meaningful evidentiary support indicating that [the] defendants had a present intention to deceive * * * when they made the alleged misrepresentations" *(Silver v Mohasco Corp.,* 94 AD2d 820, 821, *affd* 62 NY2d 741).

Here, it appears that plaintiff's allegations, if true, sufficiently allege tortious conduct on the part of defendant and do not seek redress for wrongful termination. Plaintiff does not allege that defendant was wrong in firing her, but does allege that she would not have taken the job in the first place if the true facts had been revealed to her. Notably, Nikles does not seriously dispute plaintiff's version of what transpired at the interview; he merely ascribes different motivations for his statements than that alleged by plaintiff. Plaintiff alleges that Nikles indicated to her that the examinations were unimportant after she told him that she would not accept a position made contingent upon successful completion of an examination. Plaintiff's assertion that she interpreted this assurance on Nikles' part to mean that her performance on the tests

that nondisclosure is tantamount to an affirmative misrepresentation where a party is duty-bound to disclose the information based on superior knowledge of information not available to the other party *(see, Koncelik v Abady,* 179 AD2d 942, 944).

would not be held against her is reasonable on its face and is buttressed by Nikles' admissions that he downplayed the significance of the testing and that he never told plaintiff that failure of the tests would result in her termination.

Defendant also asserts that the complaint should be dismissed because the case of *Murphy v American Home Prods. Corp. (supra)* precludes an award of damages for injuries caused by her termination. *Murphy,* however, does not prevent plaintiff from potentially recovering for injuries resulting from her reliance on defendant's allegedly false statements *(see, Stewart v Jackson & Nash, supra,* at 88). Significantly, in her complaint plaintiff asserts that she would not have left her former job had Nikles told her the truth about job requirements for employment with defendant. Accordingly, if she prevails, plaintiff could conceivably recover for loss of benefits and salary connected with her *former* employment, as opposed to that which she would have received if her employment with defendant had continued.

For these reasons, we conclude that defendant's motion for summary judgment was appropriately denied. Although defendant raises other matters on appeal, they principally relate to questions of fact that should be resolved at trial.

Yesawich Jr. and Crew III, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. We agree with defendant that the "at will" nature of plaintiff's employment defeats her action as a matter of law. Because an "at will" employee may be terminated without cause at any time, plaintiff may not establish that she *reasonably* relied upon the claimed representation as an inducement to her employment with defendant, an essential element of her cause of action *(see, Bower v Atlis Sys.,* 182 AD2d 951, 953, *lv denied* 80 NY2d 758; *Grant v DCA Food Indus.,* 124 AD2d 909, *lv denied* 69 NY2d 612; *see also, Demov, Morris, Levin & Shein v Glantz,* 53 NY2d 553, 557-558; 60 NY Jur 2d, Fraud and Deceit, § 142). The case of *Monaco v Saint Mary's Hosp.* (184 AD2d 985), relied upon by the majority, does not hold to the contrary.

Mikoll, J. P., concurs. Ordered that the order is affirmed, with costs.