■ JUAN P. ARIAS, Appellant, v WOMEN IN NEED, INC., Respondent. [712 NYS2d 103] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered January 21, 1999, which

granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's motion to amend the complaint on the merits, unanimously affirmed, without costs.

The motion court properly found that each theory of recovery offered in the complaint, and in the proposed amended complaint, failed to state a cause of action. Plaintiff's fraud claims were insufficiently stated due to his failure to set forth the elements of scienter and reasonable reliance. While the complaint may have set out the bare allegation that defendant had a present intent to deceive when it extended the employment offer to him, plaintiff's subsequent supporting affidavits contradicted that view (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 636; *LeBreton v Weiss*, 256 AD2d 47). Plaintiff could not establish the reasonable reliance element since the offered employment was at-will (*see, Tannehill v Paul Stuart, Inc.*, 226 AD2d 117). The fraud claim was also insufficiently stated in that it essentially alleged, in general terms, that defendant entered into a contract without an intent to perform it, i.e., a breach of contract (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318; *Tannehill v Paul Stuart, Inc.*, *supra*). His equitable claim, sounding in promissory estoppel, also failed because, as noted above, he could not establish that he reasonably relied on defendant's representations (*see, Dalton v Union Bank*, 134 AD2d 174, 176-177). As for the proposed amended complaint, plaintiff's breach of contract claim does not lie because his contract was one for employment at-will and he does not allege any specified contractual term or any assurances that he would not be fired without cause (*see, Monaco v Saint Mary's Hosp.*, 184 AD2d 985). The claims for fraudulent misrepresentation and negligent misrepresentation fail for the same reasons, for the denial of the original fraud claim.

In view of the lack of merit of these claims, the denial of leave to amend was a proper exercise of discretion (*see, Bell v Little*, 250 AD2d 485; *Posner v Central Synagogue*, 202 AD2d 284, *appeal dismissed* 83 NY2d 953). Defendant's request for costs is denied as unwarranted under the circumstances. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.