■ PATRICIA MARINO, Appellant, v OAKWOOD CARE CENTER et al., Respondents. [774 NYS2d 562]—

In an action to recover damages, inter alia, for fraudulent misrepresentation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 18, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the defendants offered her at-will employment. New York continues to adhere to the traditional common-law rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*see Horn v New York Times*, 100 NY2d 85, 90-91 [2003]; *Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]). Here, it is undisputed that the defendants offered the plaintiff the position of Director of Social Work at a skilled nursing facility which was still under construction. The plaintiff did not allege that the parties entered into an agreement which required the defendants to employ her for a definite and specified term, or which otherwise limited the defendants' right to change the terms of their employment offer by deferring her proposed starting date. Accordingly, the Supreme Court properly found that the plaintiff was merely a prospective employee at will.

Furthermore, since the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel (*see Arias v Women in Need*, 274 AD2d 353 [2000]; *Tannehill v Paul Stuart, Inc.*, 226 AD2d 117 [1996]; *Clark v Helmsley Windsor Hotel*, 214 AD2d 365 [1995]; *Mayer v Publishers Clearing House*, 205 AD2d 506 [1994]; *Bower v Atlis Sys.*, 182 AD2d 951 [1992]; *cf. Navaretta v Group Health*, 191 AD2d 953 [1993]; *Stewart v Jackson & Nash*, 976 F2d 86 [1992]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.