Aleksandre I. CHIMAREV,
Plaintiff–Appellant,

v.

TD WATERHOUSE INVESTOR
SERVICES, INC., Defendant–
Appellee.

No. 03–7916.

United States Court of Appeals,
Second Circuit.

May 6, 2004.

Aleksandre I. Chimarev, Brooklyn, New York, for Appellant, pro se.

Kenneth Kirschner, Kelley, Drye & Warren, LLP, New York, New York, for Appellee.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered August 4, 2003, is AFFIRMED.

Plaintiff-appellant Aleksandre Chimarev appeals from the district court's grant of summary judgment in favor of defendant-appellee TD Waterhouse Investor Services, Inc. ("TD Waterhouse"), and its denial of his cross-motion for summary judgment. Chimarev originally filed this

action in state court, alleging employment discrimination based on national origin as well as other claims related to his employment history with TD Waterhouse, which ended with his termination in 2001. We assume familiarity with the pleadings and the history of proceedings after removal of the case to federal court, including the detailed report of Magistrate Judge Gabriel W. Gorenstein recommending an award of summary judgment in favor of TD Waterhouse, and the opinion of District Judge Victor Marrero directing entry of the challenged award. *See Chimarev v. TD Waterhouse Investor Servs., Inc.*, 280 F.Supp.2d 208 (S.D.N.Y.2003).

### 1. *Summary Judgment*

We review an award of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See SCS Communications, Inc. v. Herrick Co.*, 360 F.3d 329, 338 (2d Cir.2004). "Summary judgment is appropriate only where 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). This is such a case.

### a. *Title VII Claims*

■ Title VII prohibits an employer from "discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin." 42 U.S.C. § 2000e–2(a)(1); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 509, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir.2003). This administrative exhaustion requirement also applies to retaliation claims, *see* 42 U.S.C. § 2000e–3(a), except where there is a related discrimination charge filed, *see Terry v. Ashcroft*, 336 F.3d 128, 150–51 (2d Cir.2003); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686–87 (2d Cir.2001). Because Chimarev filed no complaint with any administrative agency, the district court correctly ruled that Chimarev was barred as a matter of law from suing under Title VII for discrimination, harassment, and retaliatory discharge.

### b. *Wage and Severance Claims*

■ Chimarev does not dispute that on February 7, 2001, a TD Waterhouse vice president told him that he was "terminated immediately." Chimarev, who had served as an at-will employee, has adduced no evidence to support his claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, that he was entitled to wages for any time after the February 7 termination date. Nor has he proffered any evidence of a TD Waterhouse severance policy entitling him to any payments after termination.

■ To the extent Chimarev cites state labor law to support his wage and severance claims, the cited statutory sections simply require the maintenance of documentary records pertaining to payrolls, termination notices, and minimum wages, *see* N.Y. Labor Law §§ 195, 662; they do not create any employee right to additional payments after termination.

### c. *Privacy Claims*

■ Chimarev cannot sue for invasion of privacy pursuant to 5 U.S.C. § 552a, which deals with information retained by government agencies, not private employers. Nor can he state a claim under New York law, where the right to privacy is governed exclusively by N.Y. Civ. Rights

Law §§ 50, 51, which prohibit the unauthorized commercial use of a private person's "name, portrait, or picture," circumstances not here at issue. *Id.* § 50; *see Howell v. New York Post Co.,* 81 N.Y.2d 115, 123, 596 N.Y.S.2d 350, 354, 612 N.E.2d 699 (1993).

#### d. *Other State Law Claims*

■ Chimarev's remaining state law claims merit little discussion. As an at-will employee, Chimarev cannot sue TD Waterhouse for breach of contract based on his termination. *See Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 297, 461 N.Y.S.2d 232, 233, 448 N.E.2d 86 (1983). To the extent New York recognizes an exception to this rule when an employee relies to his detriment on an employer's express written policy limiting its right of discharge, *see Lobosco v. New York Tel./NYNEX,* 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 385–86, 751 N.E.2d 462 (2001), Chimarev has failed to adduce any evidence of such a limiting policy at TD Waterhouse, much less his own reliance thereon.

■ Neither does New York permit a terminated at-will employee to pursue a tort claim based on public policy or on implied covenants of good faith and fair dealing. *See Horn v. New York Times,* 100 N.Y.2d 85, 96–97, 760 N.Y.S.2d 378, 384, 790 N.E.2d 753 (2003).

■ The at-will nature of Chimarev's employment further precludes him from suing TD Waterhouse for fraudulently hiring him to appropriate his professional expertise before then firing him. *See Arias v. Women in Need, Inc.,* 274 A.D.2d 353, 354, 712 N.Y.S.2d 103, 103–04 (1st Dep't 2000); *Tannehill v. Paul Stuart, Inc.,* 226 A.D.2d 117, 118, 640 N.Y.S.2d 505, 506 (1st Dep't 1996).

■ Finally, such evidence as Chimarev has adduced to demonstrate rude and discriminatory treatment at TD Waterhouse is insufficient, as a matter of law, to meet the "rigorous ... and difficult to satisfy" standard necessary to state a claim for intentional infliction of emotional distress. *Conboy v. AT & T Corp.,* 241 F.3d 242, 258 (2d Cir.2001). This tort pertains only to conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency ... in a civilized society." *Id.* (internal quotation marks omitted); *see also Stuto v. Fleishman,* 164 F.3d 820, 828–29 (2d Cir.1999) (and cases cited therein).

In sum, summary judgment was appropriately entered in favor of T.D. Waterhouse on all of Chimarev's federal and state law claims.

#### 2. *Denial of Chimarev's Motion to Amend*

Chimarev asserts that the district court should not have entered judgment against him without permitting amendment of the complaint. We review this decision for abuse of discretion, *see Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir.2003), and conclude that the futility of Chimarev's proposed amendments precludes any finding of abuse, *see Jones v. New York State Div. of Military and Naval Affairs,* 166 F.3d 45, 50 (2d Cir.1999).

■ Chimarev could not amend his complaint to add an age discrimination claim because, as with his Title VII claims, Chimarev had failed to exhaust administrative remedies. *See Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 328–29 (2d Cir.1999) (citing 29 U.S.C. § 626(d)(2)). Similarly futile was Chimarev's proposed defamation claim based on critical comments made by TD Waterhouse in this litigation about his work performance; such statements are shielded by absolute

privilege under New York law. *See Mosesson v. Jacob D. Fuchsberg Law Firm,* 257 A.D.2d 381, 382–83, 683 N.Y.S.2d 88, 89 (1st Dep't 1999).

 Nor could Chimarev state a defamation claim by asserting that he was earlier defamed within TD Waterhouse to prevent his transfer to another department. Preliminarily, we observe that this allegation was first presented to the district court in a letter dated December 24, 2002, some weeks after the court had denied leave to amend. In any event, the claim is plainly futile, both because its allegation of malice is unsupported by evidentiary fact, *see Shamley v. ITT Corp.,* 869 F.2d 167, 173 (2d Cir.1989), and because, under New York law, "an employer has the right, without judicial interference, to assess an employee's performance on the job," so that negative internal assessments cannot support a claim for defamation, *Williams v. Varig Brazilian Airlines,* 169 A.D.2d 434, 438, 564 N.Y.S.2d 328, 331 (1st Dep't 1991).

3. *Discovery Rulings*

 We reject Chimarev's claim that the district court abused its discretion in managing discovery. *See Hechinger Inv. Co. of Del. v. Friedman (In re Subpoena Issued to Dennis Friedman),* 350 F.3d 65, 68–69 (2d Cir.2003). Specifically, there was no abuse in the court's decision not to reopen discovery to allow Chimarev to pursue evidence in support of his age discrimination claim; as already noted, this claim was procedurally barred by the failure to exhaust administrative remedies. Nor was abuse evidenced by the district court's refusal, after the close of discovery, to allow Chimarev to depose a TD Waterhouse employee. Chimarev had indicated at an earlier status conference that he did not intend to take any depositions because he thought it "easier" to have "written requests and responses" in view of his discomfort with oral communication in English. Tr. of Disc. Conference, *Chimarev v. TD Waterhouse Investor Servs., Inc.,* No. 01–7120(VM) (S.D.N.Y. Apr. 12, 2002), at 37. Mindful of this fact, the district court had permitted him to file additional interrogatories after the close of discovery and, despite Chimarev's failure to comply with the court's direction that he ask only "simple, nonargumentative questions," the court liberally construed even objectionable interrogatories, in some cases interpreting them as requests for document production and directing defendant to comply. *Chimarev v. TD Waterhouse Investor Servs., Inc.,* No. 01–7120(VM) (S.D.N.Y. Sept. 30, 2002) (order of Gorenstein, M.J.).

Although Chimarev presents a litany of complaints about TD Waterhouse's alleged misconduct during discovery, he fails to identify any evidence that he thinks has been destroyed. In any event, because he failed to seek sanctions in the district court, this aspect of his discovery challenge is not properly before us. *See Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003).

4. *Removal*

Because Chimarev did not challenge the removal of his case in the district court, he cannot raise the point on appeal.

Accordingly, because we find Chimarev's points on appeal uniformly without merit, the district court's August 4, 2003 judgment is hereby AFFIRMED.