[882 NE2d 882, 853 NYS2d 270]

Kenneth D. Smalley et al., Respondents, v The Dreyfus Corporation et al., Appellants.

Argued January 10, 2008; decided February 12, 2008

### POINTS OF COUNSEL

*Reed Smith LLP,* New York City (*Gil Feder, Paul P. Rooney* and *Lance Gotthoffer* of counsel), for appellants. I. The Appellate Division order should be reversed because a promise related to continued employment or a promise regarding a future act cannot be relied upon by an at-will employee. (*Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Tannehill v Paul Stuart, Inc.,* 226 AD2d 117; *Skillgames, LLC v Brody,* 1 AD3d 247; *Garwood v Sheen & Shine,* 175 AD2d 569; *Arias v Women in Need,* 274 AD2d 353; *O'Connor v Harbrew Imports, Ltd.,* 4 Misc 3d 1016[A], 2004 NY Slip Op 50909[U]; *Demov, Morris, Levin & Shein v Glantz,* 53 NY2d 553; *Bower v Atlis Sys.,* 182 AD2d 951; *Attas v Park E. Animal Hosp.,* 235 AD2d 246; *Stewart v Jackson & Nash,* 976 F2d 86.) II. Plaintiffs cannot masquerade their deficient breach of contract claims as fraud claims. (*Dalton v Union Bank of Switzerland,* 134 AD2d 174; *Tannehill v Paul Stuart, Inc.,* 226 AD2d 117; *Stewart v Jackson & Nash,* 976 F2d 86; *Sforza v Health Ins. Plan of Greater N.Y.,* 210 AD2d 214; *McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233; *Nagle v Shearson Lehman Bros.,* 190 AD2d 568; *Arias v Women in Need,* 274 AD2d 353; *R.H. Damon & Co., Inc. v Softkey Software Prods., Inc.,* 811 F Supp 986; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607; *Murphy v American Home Prods. Corp.,* 58 NY2d 293.)

*The Law Offices of Neal Brickman, P.C.,* New York City (*Neal Brickman* and *Melinda M. Dus* of counsel), for respondents. I. Defendants intentionally misrepresented an existing fact unrelated to continued employment. (*Stewart v Jackson & Nash,* 976 F2d 86; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Tannehill v Paul Stuart, Inc.,* 226 AD2d 117; *Skillgames, LLC v Brody,* 1 AD3d 247; *O'Connor v Harbrew Imports, Ltd.,* 4 Misc 3d 1016[A], 2004 NY Slip Op 50909[U]; *Attas v Park E. Animal Hosp.,* 235 AD2d 246; *Garwood v Sheen & Shine,* 175 AD2d 569.) II. Plaintiffs set forth a well-pleaded cause of action for fraudulent inducement. (*First Nationwide Bank v 965 Amsterdam,* 212 AD2d 469; *Chase Manhattan Bank, N.A. v Perla,* 65 AD2d 207; *Backer v Lewit,* 180 AD2d 134; *Stewart v Jackson & Nash,* 976 F2d 86; *Navaretta v Group Health,* 191 AD2d 953; *Sabo v Delman,* 3 NY2d 155; *Garnier v J.C. Penney Co., Inc.,*

863 F Supp 139; *Moore v PaineWebber, Inc.*, 189 F3d 165.) III.
Plaintiffs allege injury and damages that are separate and apart
from damages resulting from their termination. (*Stewart v
Jackson & Nash*, 976 F2d 86; *Garnier v J.C. Penney Co., Inc.*,
863 F Supp 139; *Sabo v Delman*, 3 NY2d 155; *Dalton v Union
Bank of Switzerland*, 134 AD2d 174; *Sforza v Health Ins. Plan
of Greater N.Y.*, 210 AD2d 214; *Nagle v Shearson Lehman Bros.*,
190 AD2d 568; *Backer v Lewit*, 180 AD2d 134; *Cole v Kobs &
Draft Adv., Inc.*, 921 F Supp 220.) IV. On a motion to dismiss,
the facts alleged by plaintiffs should be accepted as true and
plaintiffs should be afforded all reasonable inferences there-
from. (*Rovello v Orofino Realty Co.*, 40 NY2d 633; *Melito v
Interboro-Mutual Indem. Ins. Co.*, 73 AD2d 819; *Foley v
D'Agostino*, 21 AD2d 60.)

### OPINION OF THE COURT

Chief Judge KAYE.

Five at-will employees sued their former employer, the Drey-
fus Corporation, for fraudulent inducement to enter into and
remain in the employment of Dreyfus. We conclude that these
plaintiffs have not stated a cause of action.

As alleged in the amended complaint, in January 2001,
plaintiff Gerald Thunelius, then the director of Dreyfus' Tax-
able Fixed Income Group (TFIG), heard a rumor that Mellon
Financial Corporation, Dreyfus' parent corporation, had made
an offer to acquire the fund management company of Standish,
Ayer & Wood. When asked, Dreyfus' chief executive officer
(CEO) told Thunelius that no merger had occurred or was being
considered. Relying on those assurances, plaintiff Martin
Fetherston in December 2000 accepted employment in the TFIG.
Mellon acquired Standish in March 2001. Between 2001 and
2004, Thunelius repeatedly asked Dreyfus' officers whether
there were plans to merge the TFIG with Standish, and they
denied any planned merger. During these years, plaintiffs Ken-
neth Smalley, Darlene Haut and Michael Allen allege that they
accepted jobs with the TFIG in reliance on the denials by Drey-
fus' officers.[1]

The amended complaint continues that in April 2004, Drey-
fus' CEO told the TFIG that any merger of the group into

---

1. Plaintiffs concede that they were at-will employees. The employment
contract each plaintiff signed with Mellon stated: "I understand that such
employment will be for an indefinite period and may be terminated at any
time, with or without notice." None of their contracts referenced any alleged
merger plans.

Standish was "off the table," and that the group would remain intact for at least another year. By early fall 2004, merger rumors resurfaced, which at the time Dreyfus' officers refused to confirm or deny. In late 2004, the two groups merged, and in February 2005—four years after the alleged merger discussions began—Dreyfus fired every member of the TFIG.

The five sued Dreyfus[2] in Supreme Court, asserting several causes of action, only one of which—fraudulent inducement—remains relevant. The court dismissed the entire complaint noting that at-will employees cannot reasonably rely upon their employers' promises of continued employment, and that these employees failed to allege injuries apart from their termination. The Appellate Division, four-one, modified Supreme Court's order by reinstating the fraudulent inducement claim, concluding that Dreyfus misrepresented a present material fact and that the plaintiffs alleged injuries distinct from termination; the fifth Justice would have dismissed the entire complaint. We now reverse.

New York law is clear that absent "a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]). Thus, either the employer or the employee generally may terminate the at-will employment for any reason, or for no reason. In the decades since *Murphy*, we have repeatedly refused to recognize exceptions to, or pathways around, these principles (*see Horn v New York Times*, 100 NY2d 85 [2003]; *Ingle v Glamore Motor Sales*, 73 NY2d 183 [1989]; *Sabetay v Sterling Drug*, 69 NY2d 329 [1987]; *see also Weiner v McGraw-Hill, Inc.*, 57 NY2d 458 [1982]).

Relying on a decision of the United States Court of Appeals for the Second Circuit—*Stewart v Jackson & Nash* (976 F2d 86 [2d Cir 1992])—plaintiffs urge that theirs is not a breach of contract case, but rather a legally cognizable tort claim, for fraudulent inducement.

In *Stewart*, defendant law firm recruited an environmental law attorney (plaintiff Victoria Stewart), telling her that it had secured a large environmental law client, that she would work

---

**2.** "Dreyfus" refers to all of the defendants, including Dreyfus' chief executive officer, chief investment officer, Mellon Financial Corporation (Dreyfus' parent corporation) and Mellon's chairman.

on that client's matters and that the firm was establishing an environmental law department, which she would head. When Stewart arrived at the firm, however, she learned that the firm was still trying to secure the client, and she performed only general litigation work. The firm later terminated her employment, and she brought suit for damages. Reversing the United States District Court, the Second Circuit denied the law firm's motion to dismiss Stewart's fraudulent inducement claim both because the firm's promises concerning the environmental law client and department were misstatements of present fact, and because the alleged injuries—thwarting her professional objective to specialize in environmental law, and damaging her career potential—occurred well before plaintiff's termination and were unrelated to it.

Without adopting or rejecting the Second Circuit's rationale, we note that *Stewart* is fundamentally different from the case now before us. The core of plaintiffs' claim is that they reasonably relied on no-merger promises in accepting and continuing employment with Dreyfus, and in eschewing other job opportunities. Thus, unlike *Stewart*, plaintiffs alleged no injury separate and distinct from termination of their at-will employment.[3] In that the length of employment is not a material term of at-will employment, a party cannot be injured merely by the termination of the contract—neither party can be said to have reasonably relied upon the other's promise not to terminate the contract. Absent injury independent of termination, plaintiffs cannot recover damages for what is at bottom an alleged breach of contract in the guise of a tort.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, defendants' motion to dismiss the complaint in its entirety granted and the certified question answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.

---

**3.** We need not and do not reach the additional question whether the alleged representations regarding the no-merger "plans" were existing fact or future intent.