(March 15, 2011)

■ ROBERT J. TROELLER, Respondent, v JOEL I. KLEIN, Appellant. [918 NYS2d 436]—

Petitioner's cause of action for breach of contract accrued on March 22, 2007, when he knew that at least some members of his union had not been paid the amount allegedly due under the January 2007 stipulation of settlement between the union and the Department of Education (DOE), and his lawyer wrote to DOE's lawyer that the parties' agreement was "quite different" from the way DOE was interpreting it (*see Pope v Hempstead Union Free School Dist. Bd. of Educ.*, 194 AD2d 654 [1993], *lv dismissed* 82 NY2d 846 [1993]). Because the petition to deem the notice timely was brought more than one year after March

22, 2007, the court lacked the authority to entertain it (*see* Education Law § 3813 [2-a], [2-b]; *Consolidated Constr. Group, LLC v Bethpage Union Free School Dist.*, 39 AD3d 792, 794-795 [2007], *lv dismissed* 9 NY3d 980 [2007]).

Petitioner's argument that respondent should be estopped from asserting a late notice of claim defense because respondent did not respond to petitioner's requests for information until May 10, 2007 is unavailing. "An estoppel cannot be founded upon defendant's failure to communicate with plaintiff in response to . . . bills" (*Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist.*, 83 AD2d 654, 655 [1981], *affd* 56 NY2d 828 [1982]). A fortiori, an estoppel cannot be founded on respondent's delay in responding to petitioner's requests for information.

Petitioner's contention that CPLR 204 (b) tolled the statute of limitations because his union and DOE made arguments to an arbitrator about the meaning of the stipulation is also unavailing. To toll the statute of limitations, the arbitration must have been "instituted by the parties in order to resolve the present controversy" (*Matter of Majka v Utica City School Dist.*, 247 AD2d 845, 846 [1998]; *see also Provenzano v Ioffe*, 12 AD3d 353 [2004], *lv denied* 5 NY3d 701 [2005]). The arbitration between the union and DOE concerned the Custodian Engineers who were excluded from the stipulation of settlement. The present controversy concerns the Custodian Engineers who were covered by the stipulation. Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.