■ JAY SUSMAN, Appellant, v COMMERZBANK CAPITAL MARKETS CORPORATION et al., Respondents. [945 NYS2d 5]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 5, 2011, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

Supreme Court properly dismissed the first cause of action for breach of contract since the documentary evidence conclusively established that plaintiff was an at-will employee and thus defendants were authorized to terminate his employment at any time for any reason, or for no reason (*see Smalley v Dreyfus Corp.*, 10 NY3d 55 [2008]). Plaintiff argues that his agreement was modified by various oral assurances, which were confirmed in certain writings. However, to the extent plaintiff relies on oral promises of continued employment, he could not reasonably rely on such promises as an at-will employee, and those promises do not modify the at-will doctrine (*Smalley*, 10 NY3d at 58-59; *Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1994]). Further, the writings plaintiff relies on consist of general company documents which did not conform to the requirements set forth in his employment agreement, i.e. they were not signed by plaintiff and a member of his employer, and

did not clearly promise plaintiff employment for a certain period of time.

Plaintiff argues that his termination was in retaliation for refusing to partake in financial dealings with Iran's Central Bank, allegedly in violation of federal law, and thus his discharge was not subject to the at-will doctrine because it violated Labor Law § 740. However, defendants' alleged financial dealings did not create a substantial and specific danger to the public health or safety within the meaning of Labor Law § 740 (*see Peace v KRNH, Inc.*, 12 AD3d 914 [2004], *lv denied* 4 NY3d 705 [2005]; *Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801 [1990]).

As for the second and third causes of action, the court properly dismissed them as duplicative of the breach of contract claim (*see Celle v Barclays Bank P.L.C.*, 48 AD3d 301 [2008]). In addition, to the extent the second cause of action was for promissory estoppel, such a claim cannot stand when there is a contract between the parties (*see SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]). Further, to the extent the second cause of action was for tortious interference with prospective economic advantage, it was barred by the three-year statute of limitations (*see Besicorp, Ltd. v Kahn*, 290 AD2d 147, 150 [2002], *lv denied* 98 NY2d 601 [2002]), as was the third cause of action for prima facie tort (*id.*). In any event, the prima facie tort claim fails because plaintiff did not allege that defendants engaged in tortious conduct separate and apart from their alleged failure to fulfill their contractual obligations (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]).

Plaintiff's contention that the arbitration to recover his unreimbursed business expenses tolled the statute of limitations on his second and third causes of action is unavailing. "To toll the statute of limitations, the arbitration must have been 'instituted by the parties in order to resolve the present controversy' " (*Troeller v Klein*, 82 AD3d 513, 514 [2011] [citation omitted]), and the issues raised here are distinct from the issue in the arbitration.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.