Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 24, 2012, which, to the extent appealed from as limited by the briefs, granted defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action as against defendant Fowerguard Specialty Insurance Services, LLC, (PowerGuard) and denied defendants’ motion to dismiss the first cause of action as against Edgewood Partners Insurance Center (EPIC), unanimously modified, on the law, to dismiss plaintiff’s first cause of action as against EPIC, and otherwise affirmed, without costs.
*415 Plaintiff, Tim F. Kinsella, an insurance producer, left his previous employment, allegedly in reliance on statements made by representatives of PowerGuard, that, inter alia, PowerGuard had the ability to issue certain property and warranty insurance, and based on these representations, accepted employment with PowerGuard. Plaintiff and PowerGuard entered into a contract, agreeing, inter alia, that plaintiff would work for PowerGuard as an “at will” employee, at a large decrease in his former salary. Plaintiff learned that these representations were false, and that he could not sell the subject insurance policies, and he thereafter received written termination from employment under a letterhead of defendant EPIC.
Plaintiff brought an action alleging, inter alia, fraud in the inducement against PowerGuard and EPIC. Plaintiff failed to sufficiently allege reasonable reliance and damages separate from his termination from PowerGuard, his at-will employer, so as to state a claim for fraud in the inducement against it (see Smalley v Dreyfus Corp., 10 NY3d 55, 59 [2008]; Arias v Women in Need, 274 AD2d 353 [1st Dept 2000]). Nor did plaintiff plead such a claim against EPIC, since there is no showing in plaintiff’s complaint that EPIC had anything to do with plaintiffs employment with PowerGuard (see M Entertainment, Inc. v Leydier, 71 AD3d 517, 519-520 [1st Dept 2010]). Assuming, arguendo, that EPIC acted as plaintiffs employer when the Human Resources Department shared by PowerGuard and EPIC sent plaintiff a termination letter on EPIC’s letterhead, then plaintiff’s fraud in the inducement claim would still be barred (see Smalley, 10 NY3d at 59). Concur — Tom, J.R, Saxe, DeGrasse, Richter, Clark, JJ.