20-736
McGill v. Buzzelli et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge*,
> AMALYA L. KEARSE,
> GERARD E. LYNCH,
>> *Circuit Judges*.

---

CHARLES W. MCGILL,

      *Plaintiff-Appellant*,

      v.                                                  20-736

VINCE BUZZELLI, TROY BLAKE, KATHLEEN DREW, THOMAS W. HASSETT, CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT,

      *Defendants-Appellees*.[1]

---

[1] The Clerk of Court for the U.S. Court of Appeals for the Second Circuit and the Clerk of Court for the U.S. District Court for the Western District of New York are respectfully directed to amend the official caption as shown above.

For Plaintiff-Appellant:                                      Charles W. McGill, pro se,
                                                              Rochester, NY.

For Defendants-Appellees:                                     No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Charles McGill, proceeding *pro se*, appeals the district court's judgment dismissing his amended complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. McGill, who was granted in forma pauperis status, sued four individuals, the City of Rochester (the "City"), and the Rochester Police Department (the "RPD") under 42 U.S.C. § 1983. He alleged that his constitutional rights were violated when his employer—a company called T & L Automatics—fired him on false pretenses and his criminal history was sealed or expunged against his will. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010) (per curiam). Under that statute, the district court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We afford a *pro se* litigant "special solicitude" by interpreting a complaint filed *pro se* "to raise the strongest claims that it

suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

As a preliminary matter, McGill makes no mention on appeal of any claim related to changes to his criminal record. Any such claims are thus abandoned, and we decline to consider them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (*pro se* litigant abandons issue by failing to raise it in appellate brief). Moreover, while McGill reiterates his allegations regarding his employment-related claims and argues that these allegations show that his rights were violated, he does not address the bases for the district court's dismissal of these claims—i.e. that he failed to allege that three of the individual defendants acted under the color of state law, as necessary to state a claim under § 1983; that there were no allegations at all concerning the remaining individual defendant; that there were no allegations connecting the City or the RPD to these employment-related claims; and that New York does not recognize a tort claim for wrongful termination of an at-will employee. These issues, too, are thus waived. *See id.*

In any event, the district court properly concluded that McGill had not stated a claim related to his employment. McGill failed to state a § 1983 claim because he did not allege that any of the defendants "acted under color of state law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (internal quotation marks and ellipsis omitted). He alleged that some of the defendants are employees of a business, without alleging that this business had any relationship with the government. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (stating that § 1983 actions do not reach purely private conduct). And he did not make any allegations suggesting that the other defendants were involved in his termination.

3

McGill provided the district court a New York State Division of Human Rights ("NYSDHR") complaint and determination and an Equal Employment Opportunity Commission right-to-sue letter with his initial complaint, suggesting that he was trying to raise a claim under state and federal anti-discrimination statutes. But he did not include these documents in his amended complaint, and he did not allege discrimination based on any protected ground in either of his complaints. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on race, color, religion, sex, and national origin); *id.* § 12112 (disability); 29 U.S.C. § 623(a) (age); N.Y. Exec. Law § 296(1)(a), (15)–(16) ("age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence" and criminal history).

Although the amended complaint included some documents related to McGill's criminal history, he did not allege that any party involved in his termination was aware of or motivated by his criminal history. Even if his complaint had suggested such a claim, McGill has abandoned it on appeal, because he does not allege discrimination on any protected ground in his appellate brief. *See LoSacco*, 71 F.3d at 92–93. To the extent McGill sought damages from the NYSDHR for its purported mishandling of his complaints, the Eleventh Amendment bars suits against it because it is a state agency. *See Baba v. Japan Travel Bureau Int'l Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (*per curiam*). In any event, McGill does not address any claims against NYSDHR in his appellate brief.

Moreover, the district court properly concluded that the amended complaint did not state a plausible state tort claim. New York does not recognize a tort claim for wrongful termination of an at-will employee. *Smalley v. Dreyfus Corp.*, 10 N.Y.3d 55, 58 (2008); *see also Horn v. New*

4

*York Times*, 100 N.Y.2d 85, 96 (2003) ("We have consistently declined to create a common-law tort of wrongful or abusive discharge[.]"). No exception to this rule encompasses McGill's claim that the defendants refused to train him in order to create a pretext to fire him. *See Smalley*, 10 N.Y.3d at 58 ("New York law is clear that absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired." (internal quotation marks omitted)). McGill does not challenge the district court's decision to exercise supplemental jurisdiction over his state claims.

Finally, the district court did not abuse its discretion in dismissing McGill's amended complaint without providing further leave to amend. In dismissing McGill's first complaint, the district court afforded him an opportunity to amend and warned that failure to cure the problems identified in the dismissal order would result in a dismissal with prejudice. A denial of further leave to amend under these circumstances is well within the district court's discretion. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014).

We have considered all of McGill's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5