Wood et al. v. Mike Bloomberg 2020, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> MYRNA PÉREZ
> > *Circuit Judges.*

---

Robert Cordova, Jr., individually, Frida Michelle Naranjo, individually, Robin Ceppos, individually, Brandi Harris, individually, Josh Fredrickson, individually, James Kyle Newman, individually and on behalf all others similarly situated, Madison Oliver Mays, individually, Jonathan Barrio, individually, Jesse Weinberg, individually, Audra Tellez, individually, Alec Silvester, individually, Nathaniel Robert Groh, individually, Christine Doczy, individually, Zia Oram, individually and on behalf all others similarly situated, Elliott Tricotti, individually, Maria Gonzalez, individually, Josephine Olinger, individually, Peter Kamara, individually, Patrick McHugh, individually, Ilse Mendez Fraga, individually, Caelan Doherty, individually and on behalf all others similarly situated, Daniel Smith, individually, Carlos Torres, individually, Anoosh Yaraghchian, individually, Jason Finkelstein, individually, Max Goldstein, individually and on behalf all others similarly situated, Mack Kennedy, individually, Chris Soth, individually, Jane Conrad, individually, Joseph Nestor, individually, Lakisha

Watson-Moore, individually, Theresa Edwards, individually, Melinda Cirilo, individually, Rachel Douglas, individually, Cochiese Bowers, individually, Alan Robinson, individually and on behalf all others similarly situated, Bridget Logan, individually and on behalf all others similarly situated, Garrett Beckenbaugh, individually, Luke Nicholas, individually, Desmond Batts, individually, Jesus Zamora, individually, Miles Ceplecha, individually, Eliza Fink, individually, Paul Monterosso, individually, Cheryl Baldwin, individually, Clem Wright, individually, Alexandra Marie Wheatley-Diaz, individually and on behalf all others similarly situated, Rey Murphy, individually, Donna Wood, individually and on behalf all others similarly situated, Gloria Tyler, individually,

*Plaintiffs-Appellants*,

v.                                                                 No. 22-1023[*]

Mike Bloomberg 2020, Inc.,

*Defendants-Appellees*.

---

**FOR PLAINTIFFS-APPELLANTS:**      MOIRA HEIGES-GOEPFERT, Outten & Golden LLP, San Francisco, CA (Justin M. Swartz, Outten & Golden LLP, New York, NY, *on the brief*).


**FOR DEFENDANTS-APPELLEES:**      ELISE M. BLOOM, Proskauer Rose LLP, New York, NY (Rachel S. Philion, Pinchos Goldberg, Allison Lynn Martin, Proskauer Rose LLP, New York, NY; Mark W. Batten, Proskauer Rose LLP, Boston, MA, *on the brief*).

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above to reflect that Case No. 22-864 has been severed from this case.

Appeal from an order of the United States for the Southern District of New York (Laura Taylor Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on April 28, 2022 is **AFFIRMED**.

Plaintiffs-Appellants are fifty former field employees of Michael Bloomberg's 2020 Presidential Campaign ("Plaintiffs") who appeal the district court's dismissal, with prejudice and without leave to amend, of their fraudulent inducement and promissory estoppel claims against Michael Bloomberg and Mike Bloomberg 2020, Inc. (the "Campaign," and, together with Bloomberg, "Defendants"), a campaign to promote and secure the Democratic presidential nomination for Bloomberg.[2]  Plaintiffs allege that Defendants recruited them to the job by promising employment through November 2020, but reneged on that promise when the Campaign dismissed Plaintiffs shortly after Bloomberg withdrew from the race in March of 2020.  We review *de novo* both the district court's dismissal under Rule 12(b)(6) and its denial of the request to amend on the basis of futility.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).  Applying that standard here, we conclude: (1) Plaintiffs are unable to prove the reasonable reliance required for their claims because of the at-will nature of their employment agreement, and (2) Plaintiffs would not be able to survive dismissal even if granted leave to amend.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[2] Plaintiffs also asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. that the district court did not dismiss and which we consider relevant to this appeal only insofar as Plaintiffs appeal the district court's consideration of documents not included with their complaint.

3

## I. The District Court Properly Relied on Employment Documents

We are first asked to address an evidentiary question. In reaching its decision, the district court considered offer letters and the employee handbook (including the accompanying acknowledgement forms recognizing receipt), both of which Plaintiffs had signed but did not include with their complaint. *Wood v. Mike Bloomberg 2020, Inc.*, No. 1:20-CV-2489-LTS-GWG, 2022 WL 891052, at *3–*4 (S.D.N.Y. Mar. 25, 2022). Plaintiffs unpersuasively argue that the district court impermissibly considered these documents. Appellants' Br. at 18–24. Instead, because the documents are integral to the complaint, our case law makes plain that these documents may be considered in deciding the motion to dismiss.

Courts in this circuit may consider a document not incorporated into the complaint by reference as long as certain requirements are met. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The parties here only dispute one requirement: whether "the complaint 'relies heavily upon [the documents'] terms and effect[s],' thereby rendering the document[s] 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

The entirety of Plaintiffs' complaint rests on the argument that Defendants were required to guarantee their employment through November 2020. The only employment agreement between the parties is memorialized in these documents and Plaintiffs agreed at oral argument that the documents would necessarily outline the terms of the continued employment. Oral Argument at 7:42–9:38. They therefore cannot escape the conclusion that the documents are integral to the complaint.[3] *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)

---

[3] To the extent Plaintiffs argue that the employee handbook is not integral to the complaint's allegations concerning Defendants' alleged failure to provide proper reimbursements and meal or rest breaks, we disagree for largely the same reasons discussed by the district court. *Wood*, 2022 WL 891052, at *4.

(per curiam) ("'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of plaintiff's claim—was not attached to the complaint."). Moreover, Plaintiffs' decision to draft the complaint to avoid mentioning the offer letter and employee handbook "does not make [the documents] any less integral to [the] complaint." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 131 (2d Cir. 2001).

## II. Plaintiffs Failed to State a Claim Upon Which Relief Can Be Granted

Plaintiffs' fraudulent inducement and promissory estoppel claims cannot survive the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Under New York law, which the parties agree applies here, to prove both fraudulent inducement and promissory estoppel, Plaintiffs must show that they reasonably relied on a representation or promise. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996); *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

We conclude that Plaintiffs could not reasonably rely on the alleged promise and false representation of "an opportunity to work on the general election in some capacity at some location, whether as a formal employee of the Campaign or otherwise," Appellants' Br. at 56, because Plaintiffs had an at-will employment arrangement, made explicit in the signed offer letters

5

and employee handbook of which Plaintiffs acknowledged receipt.[4] Recasting the continued employment claim as a "specific opportunity to work on the general election for the ultimate Democratic nominee" through November 2020, Appellants' Br. at 40, does not avoid the dooming at-will language. Under these circumstances, future promises of continued employment cannot be the basis for Plaintiffs' fraudulent inducement or promissory estoppel claims. *See Smalley v. Dreyfus Corp.*, 882 N.E.2d 882, 884 (N.Y. 2008) (affirming dismissal of at-will employees' fraudulent inducement claims because they cannot reasonably rely on employer's promise not to terminate); *Berger v. Roosevelt Inv. Grp. Inc.*, 813 N.Y.S.2d 419, 420 (N.Y. App. Div. 2006) ("[P]laintiff could not establish reasonable reliance on any alleged misrepresentation of defendant with respect to the length of his employment, since he was an at-will employee."); *Marino v. Oakwood Care Ctr.*, 774 N.Y.S.2d 562, 563 (N.Y. App. Div. 2004) ("[S]ince the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent representation, and promissory estoppel."); *Arias v. Women in Need, Inc.*, 712 N.Y.S.2d 103, 103 (N.Y. App. Div. 2000) ("Plaintiff could not establish the reasonable reliance element since the offered employment was at-will.").

Plaintiffs also cannot maintain that Defendants modified their at-will status by an oral contractual promise to provide continued employment until November 2020. The written contract of employment does not permit oral modification. Plaintiffs' written offer letters, confidentiality agreements attached to the offer letters, and the employee handbook each prescribe that Plaintiffs

---

[4] The offer letter states, "[t]he nature of your employment at the [Campaign] is and will continue to be 'at will,' as defined by applicable law, meaning that either we or you may terminate your employment at any time, with or without notice and with or without cause, for any reason or for no reason." JA 378. The employee handbook states, "[y]our employment with the [Campaign] is 'at will,' which means that it is for no definite period of time, and may be terminated at any time by either you or the [Campaign], with or without cause, notice or procedural requirements." JA 1119.

are at-will employees and each adds an explicit no-oral-modification clause referring particularly to the terms of employment. Plaintiffs' offer letters, for instance, provide that the nature of Plaintiff's employment is "at-will" and "[n]o statement varying any of the terms of this offer letter shall be enforceable unless set forth in a writing signed by a duly authorized officer of the Organization." Appellee's Br. at 4–5. Each of the Plaintiffs' employment contracts reiterates employees' at-will status and contains a no-oral-modification clause.

New York law provides that "[a] written agreement . . . which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." N.Y. Gen. Oblig. Law § 15–301(1) (McKinney 2023). We recognize that New York law provides two limited exceptions to the effectiveness of no-oral-modification clauses. (1) First, a court may enforce an oral modification "when there has been a partial performance of the agreement to modify[.]" *Towers Charter & Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516, 522 (2d Cir. 1990). (2) "Second, when one party has induced the other party to rely on an oral modification, the first party may be equitably estopped from invoking the requirement that any modification be in writing." *Id.*

The two exceptions are applicable only if the conduct resulting from oral modification is "unequivocally referable to the oral modification." *Id.* (quoting *Rose v. Spa Realty Assocs.,* 366 N.E.2d 1279, 1283 (N.Y. 1977)). Said another way, "for either exception to apply, the conduct claimed to have resulted from the oral modification must be conduct that is inconsistent with the agreement as written." *Id.* These exceptions are inapplicable as to Plaintiffs.

Although Plaintiffs allege that they took action as a consequence of the promise of continued employment until November 2020, they point to no conduct that is "unequivocally

7

referable to the oral modification" or that is "inconsistent with the agreement as written." *Id.* (concluding that plaintiff's "reliance on alleged oral modifications and waivers was foreclosed as a matter of law" because he "pointed to no conduct that could have been considered unequivocally referable to the alleged modifications"). For instance, Plaintiffs assert that, as a consequence of the oral modification, they "left jobs and school programs, forwent other economic opportunities, and in some cases moved to a new city to work for the Campaign." Appellants' Br. at 1–2. But they point to no conduct that was "inconsistent with the agreement as written." Each Plaintiff could have undertaken the same conduct due to their offer of at-will employment with the Campaign. Consequently, partial performance and equitable estoppel cannot justify enforcement of oral modification of Plaintiffs' contracts.

## III.    The District Court Properly Denied Leave to Amend

We conclude that the district court did not err in dismissing Plaintiffs' claims without granting the right to replead.

"When the denial of leave to amend is based on a determination that amendment would be futile, a reviewing court conducts a de novo review." *Rukoro v. Federal Republic of Germany*, 976 F.3d 218, 227–28 (2d Cir. 2020) (quoting *Eastman Kodak Co. v. Henry Bath, LLC*, 936 F.3d 86, 98 (2d Cir. 2019)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc.*, 681 F.3d at 119.

When the district court dismissed the case, Plaintiffs had already filed two amended complaints. Though they claim that the third amended complaint would include additional allegations that could cure potential defects, Plaintiffs do not propose additional allegations to overcome the defects discussed above. Nor do we find that Plaintiffs would be able to amend their

8

complaint to survive dismissal where there is no basis in law for their being able to show reasonable reliance on the alleged representations. *See id.*

We have considered Plaintiffs' remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court