■ B. V. D. COMPANY, INC., et al., Respondents, v MARINE MIDLAND BANK-NEW YORK, Appellant, et al., Defendants. (Action No. 1.) MARINE MIDLAND BANK-NEW YORK, Appellant, v B. V. D. COMPANY, INC., Respondent. (Action No. 2.)—Order, entered January 20, 1977, and judgment entered March, 15, 1977, Supreme Court, New York County, granting summary judgment in favor of respondent the B. V. D. Company, Inc. (B. V. D.), and denying appellant Marine Midland Bank-New York's (Marine Midland Bank) motion for summary judgment and related relief, are unanimously reversed, on the law, and appellant Marine Midland Bank's motions are granted to dismiss the first, second and third defenses of respondent B. V. D. in Action No. 2, and summary judgment is granted in favor of appellant Marine Midland Bank in Action No. 2 for $161,786.43, with interest and costs, and summary judgment is granted in favor of appellant Marine Midland Bank dismissing the first, second and fourth causes of action in the complaint in Action No. 1 as against said appellant, and the action is severed accordingly, with $60 costs and disbursements of this appeal to appellant Marine Midland Bank. The underlying facts in this case are sufficiently set forth in the decision of this court on the previous appeal (46 AD2d 51). Under dates of August 22, 1969 and January 23, 1970, respondent B. V. D. confirmed directly to appellant Marine Midland Bank that it agreed to pay to Marine Midland Bank directly all rentals due under the leases "without deduction or set-off, except as permitted by the Leases", and its corporate secretary and general counsel confirmed that he had reviewed the relevant documents, and that it was his opinion that the leases constituted "the legal, valid and binding agreement of the Lessee [B. V. D.] enforceable against it in accordance with their respective terms." These documents were the substantial equivalent of an agreement by the "lessee that he will not assert against an assignee any claim or defense which he may have against the * * * lessor", which under subdivision (1) of section 9-206 of the Uniform Commercial Code "is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3)." In our earlier decision we held that defenses of breach of warranty, breach of contract, modification and failure to fulfill a condition precedent were barred by the exculpatory provisions of the leases and the terms of the estoppel documents. Implicit in our earlier decision was also the ruling that fraud of the original lessor in the inducement would not be a defense to Marine Midland Bank's action unless it were shown that Marine Midland Bank had knowledge or notice of such fraud. In our view, the record fails to raise a triable issue that Marine Midland Bank had such knowledge or notice. Accordingly, Marine Midland

Bank is entitled to summary judgment. Settle order on notice. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.