(May 12, 2005)

■ WELLS FARGO BANK, NATIONAL ASSOCIATION, Appellant, v STARGATE FILMS, INC., et al., Respondents. [795 NYS2d 18]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 21, 2004, which, to the extent appealed from,

denied that part of plaintiff's motion to strike the jury demand as to the issue of fraud and whether the contract came into existence, and order, same court and Justice, entered October 15, 2004, which, to the extent appealable, denied renewal, unanimously affirmed, with separate bills of costs.

Although the equipment lease of plaintiff's assignor, in this rent recovery action, contained a provision waiving the right to trial by jury in any litigation arising out of that lease, that waiver does not apply to a sufficiently pleaded defense that amounts to a claim of fraudulent inducement challenging the validity of the agreement (*Ferry v Poughkeepsie Galleria Co.*, 197 AD2d 913 [1993]; *Bank of N.Y. v Cheng Yu Corp.*, 67 AD2d 961 [1979]; *Federal Housecraft v Faria*, 28 Misc 2d 155 [App Term 1961]).

Plaintiff's claim to be a holder in due course, thus entitled to enforce the "hell or high water" clause in the lease regardless of Stargate's fraud defense, is not properly raised on this appeal. Were we to review the point, we would reject it as premature, given the IAS court's prior order, which was not appealed, determining that issues of fact remain as to whether plaintiff took assignment of the notes in good faith pursuant to UCC 1-201 (19) (*see B. V. D. Co. v Marine Midland Bank-N.Y.*, 60 AD2d 544 [1977]; *National Bank of N. Am. v DeLuxe Poster Co.*, 51 AD2d 582 [1976]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.