■ CHINA DEVELOPMENT INDUSTRIAL BANK, Respondent, v MORGAN STANLEY & CO. INCORPORATED et al., Appellants, et al., Defendants. [927 NYS2d 52]—

In this action alleging common-law fraud, fraud in the inducement and fraudulent concealment in the sale of an investment product (credit default swaps), plaintiff purchaser (China) alleges that defendant seller Morgan falsely promoted collateral debt obligations as having specified credit ratings, which Morgan knew to be overstated and misleading. Specifically, the ratings were allegedly generated with grandfathered models and protocols and assumptions that were no longer applicable. Such ratings for Morgan's products were allegedly procured by way of Morgan's financial influence over the rating agencies. We recognize that a sophisticated business entity, like China, that alleges it was fraudulently induced to enter a contract because of false representations as to a product's quality, may nonetheless be precluded by contractual disclaimers from pursuing such a claim (*see MBIA Ins. Corp. v Merrill Lynch*, 81 AD3d 419 [2011]). Nevertheless, such rule is not determinative in this case. China has sufficiently alleged that Morgan possessed peculiar knowledge of the facts underlying the fraud, and the circumstances present would preclude any investigation by China conducted with due diligence (*see generally Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274 [2005]). The element of scienter can be reasonably inferred from the facts alleged (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492-493 [2008]), including e-mails, which support a motive by Morgan, at the time of the subject transaction, to quickly dispose of troubled collateral (i.e., predominantly residential mortgage-backed securities) which it owned at the time.

China also adequately alleged facts in support of its fraudulent concealment claim to indicate that Morgan had a duty to disclose, inasmuch as Morgan allegedly had peculiar knowledge of the application of grandfathered ratings, the unstable collateral which was sold, and its misstatements regarding the investment risks involved (*see generally King County, Washington v IKB Deutsche Industriebank AG*, 751 F Supp 2d 652 [SD NY 2010]).

China's allegations were sufficiently particularized to support a claim for fraudulent inducement. As the validity of the parties' 2007 investment transaction is challenged by the allegations, the motion court properly concluded that the jury waiver provision in the agreement was inapplicable to the fraudulent

inducement cause of action (*see generally Wells Fargo Bank, N.A. v Stargate Films, Inc.*, 18 AD3d 264 [2005]).

Morgan argues that China ratified the parties' 2007 transaction agreement when, in May 2009, it executed an amendment to the 2007 agreement. Morgan claims that at such time, China should have been on inquiry notice of the alleged fraudulent conduct. However, because China claimed it signed the amendment under economic duress, and damage attributable to the fraud may already have accrued (*see e.g. Braddock v Braddock*, 60 AD3d 84, 94-95 [2009]), there are issues of fact which preclude judgment for Morgan. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Abdus-Salaam and Román, JJ.