■ LibertyPointe Bank, Respondent, v 75 East 125th Street, LLC, et al., Appellants, et al., Defendants. [946 NYS2d 26]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered February 16, 2011, which, insofar as appealed from as limited by the briefs, denied defendants-appellants' (defendants) motion to vacate their default, reinstate their answer, and restore the action to the calendar, unanimously reversed, on the law, without costs, and the motion granted.

As an affirmative defense and counterclaim, defendants contend that they were fraudulently induced into entering into the mortgage transaction by the misrepresentations of plaintiff's former president, including his alleged assertion that plaintiff would not foreclose on the mortgage until the former president had paid a pre-existing debt which he owed to defendants' "silent partner." This alleged oral agreement would directly contradict the terms of the note and mortgage which plaintiff sues upon, and which vest plaintiff with an immediate right to foreclose upon occurrence of any default in payment. Nonetheless, the only merger clause here—that contained in the mortgage—is bare-bones, and certainly makes no reference to the "particular misrepresentations" allegedly made here by the former president (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]). Accordingly, neither the parol evidence rule, nor the agreements' merger clause, bars defendants' claim of fraudulent inducement.

Under these circumstances, we find that defendants' claim of fraudulent inducement is sufficiently substantial and meritorious to support vacatur of their default, and the order appealed from should be reversed (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5,

9 [2002]; *38 Holding Corp. v City of New York*, 179 AD2d 486, 487 [1992]). Concur—Gonzalez, P.J., Andrias, Saxe and De-Grasse, JJ.