■ WT HOLDINGS INCORPORATED, Appellant, v ARGONAUT GROUP, INC., Respondent. [5 NYS3d 731]—Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 18, 2014, which denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, with costs.

We do not find that defendant would be prejudiced by an amendment to the complaint at this juncture (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364 [1st Dept 2007]). However, any amendment would be "palpably insufficient or clearly devoid of merit" (*Nineteen Eighty-Nine, LLC v Icahn Enters. L.P.*, 99 AD3d 546, 548 [1st Dept 2012] [internal quotation marks omitted], *lv denied* 20 NY3d 863 [2013]). The stock purchase agreement contains not only a general merger clause pursuant to which the stock purchase agreement "supersedes" all prior oral statements, but also a "No Additional Representation" clause that disclaims liability and responsibility for any extra-contractual representation, rendering the fraud claim not viable (*see Natoli v NYC Partnership Hous. Dev. Fund Co., Inc.*, 103 AD3d 611, 613 [2d Dept 2013]). We reject plaintiff's contention that the "No Additional Representation" provision is not sufficiently specific to bar the proposed fraudulent inducement claim. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.