■ OORAH, INC., Doing Business as CUCUMBER COMMUNICATIONS, Appellant, v COVISTA COMMUNICATIONS, INC., Respondent. [52 NYS3d 347]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered September 1, 2016, awarding a sum of money to defendant, unanimously reversed, on the law, with costs, defendant's motion for summary judgment on its breach of contract counterclaim denied, and plaintiff's motion for sum-

mary judgment dismissing the counterclaim granted. Appeal from order, same court and Justice, entered on or about August 23, 2016, deciding the parties' motions, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant counterclaimed for breach of the provision of the parties' "Reseller Agreement" that required plaintiff, as reseller of defendant's telecommunications services, to purchase a minimum amount of services from defendant each month or pay for the shortfall. Contrary to the motion court's determination, we conclude that the Reseller Agreement, executed in 2001, was superseded by the parties' 2004 "Independent Authorized Master Agent Agreement" (Agent Agreement), which covers the same subject matter and contains a provision that conflicts with the provision in the Reseller Agreement that defendant claims was breached. Therefore, the counterclaim must be dismissed.

The merger clause in the Agent Agreement provides, in pertinent part, "This Agreement . . . constitutes the entire agreement between the parties relating to the subject matter hereunder, and supersedes any and all oral and/or written statements, discussions, representations and agreements made by either party to the other." While the agreements differ as to the nature of the relationship between the parties, i.e., plaintiff went from being a reseller of defendant's services to defendant's agent, the subject matter of both agreements is the telecommunications services provided by defendant, specifically, those available through the Simplicity 2001 product offering.

Both agreements provide for plaintiff to be compensated through commissions. However, there are differences in the pertinent provisions. Under the Reseller Agreement, commissions are based on the difference between plaintiff's "buy" prices and end-user retail pricing; as indicated, plaintiff is required to purchase a minimum amount of services each month or pay defendant for the shortfall. Under the Agent Agreement, commissions are calculated as a percentage of the retail rate; plaintiff is not required to make a minimum purchase, but defendant has the right to terminate the contract if the customers that plaintiff introduces to it do not purchase certain minimums, and the Agreement expressly states that it does not matter whether those customers were introduced under the Reseller Agreement. Given these conflicting provisions, those in the Reseller Agreement were replaced when the Agent Agreement, with its unambiguous merger clause, was executed. Concur—Friedman, J.P., Renwick, Moskowitz, Fein-

man and Kapnick, JJ.