(May 30, 2017)

■ Matthew White, Respondent, v Brad Davidson et al., Appellants. [55 NYS3d 223]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about January 13, 2016, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's fraudulent inducement claim, unanimously affirmed, without costs. Appeal from so-ordered transcript, same court and Justice, entered on or about March 2, 2016, unanimously dismissed, without costs, as moot.

Plaintiff alleges that defendants fraudulently induced him to enter into an exclusive recording agreement and to provide $500,000 to them by making certain promises or claims, including that (1) their record label was highly successful and that they had previously successfully represented famous recording artists; (2) they would promote plaintiff's music to radio broadcasting venues; (3) they would organize marketing events to promote plaintiff's single; (4) they would organize a radio tour; and (5) they would promote the re-release of the single around Valentine's Day 2015.

Plaintiff pleaded a cognizable claim for fraudulent inducement based on the first alleged misrepresentations (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see also GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]). The alleged misrepresentations were not mere opinion or puffery, but included specific misrepresentations concerning the Think Say defendants' experience in promoting performing artists (*see Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 70-71 [1st Dept 2002]).

With respect to the other four alleged promises or claims, the complaint adequately alleges that defendants made specific representations concerning the actions that they would undertake to promote plaintiff's single in order to induce him to self-fund their promotional campaign while never intending to perform, and were, in effect, engaging in a Ponzi scheme. Although "[m]ere promissory statements as to what will be done in the future are not actionable, . . . if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of a material existing fact upon which an action for rescission may be predicated" (*Sabo v Delman*, 3 NY2d 155, 160 [1957] [internal quotation marks and citation omitted]; *see Laduzinski v Alvarez & Marsal Taxand LLC*, 132 AD3d 164, 168-169 [1st Dept 2015]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 925-926 [2d Dept 2014]). Such misrepresentations are collateral to

the agreement, and can form the basis of a fraudulent inducement claim (*Laduzinski*, 132 AD3d at 169 [misrepresentations regarding nature of at-will employee's duties]).

Additionally, the merger clause in the agreement, which is virtually identical to that in *Laduzinski*,* is similarly too general to bar plaintiff's claim regarding the promotion-related promises since it " 'makes no reference to the particular misrepresentations allegedly made here by [defendants]' " (*id.*, quoting *LibertyPointe Bank v 75 E. 125th St., LLC*, 95 AD3d 706, 706 [1st Dept 2012]).

In their pre-answer motion to dismiss, defendants failed to make a prima facie showing that plaintiff lacks standing to maintain this action (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2d Dept 2015]; *see also Brunner v Estate of Lax*, 137 AD3d 553, 553 [1st Dept 2016]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, P.J., Richter, Andrias, Kahn and Gesmer, JJ.

---

* The merger clause in question in *Laduzinski*, which this court found to be too general to bar the plaintiff's fraudulent inducement claim, provided: "This Agreement constitutes the entire agreement between the parties with respect to subject matter and supersedes all previous understandings, representations, commitments or agreements, oral or written" (*Laduzinski*, 132 AD3d at 169).In language strikingly similar to that of the merger clause in *Laduzinski*, the merger clause in question in this case, as set forth in section 23 (a) of the agreement, provides: "This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior proposals, agreements, negotiations, representations, writings and all other communications, whether written or oral, between the parties."