OPINION OF THE COURT
Melissa A. Crane, J.
Plaintiff Lease Finance Group, LLC commenced this action for breach of a personal guaranty. It is undisputed that defendant, Kamran Qazi, signed an equipment finance lease to pay $198 per month over a four-year period beginning April 28, 2014. Mr. Qazi also signed a personal guaranty that guaranteed payment of the lease. The lease was for two Verifone VX 520s credit card processing terminals. It is also undisputed that defendant failed to make monthly payments after November 1, 2014. Plaintiff seeks $8,118 for the remaining unpaid lease payments and compensation for attorneys’ fees.
The lease defendant signed contained a “no cancellation” provision that stated: “You cannot cancel this Lease during the Lease Term for any reason. You do not have a free trial period. Your duty to make the monthly lease payments is absolute, unconditional and irrevocable.”
This type of equipment lease is what is known as a “hell or high water” lease, where, upon the lessee’s acceptance of the equipment, the lessee’s obligations become “irrevocable” and “not subject to cancellation” (see UCC 2-A-407 [2] [b]). The lessee also waives all defenses and warranties to the enforceability of the equipment finance agreement.
The original lessor was Americorp Leasing LLC. On April 19, 2014, Americorp assigned the lease to plaintiff. This was also the same day that defendant signed the lease.
English is not defendant’s first language. Defendant claims that the vendor capitalized on this and tricked him into signing the lease. The vendor told him that he (defendant) would save money by switching to companies providing processing *946 services (see letter from, defendant to the court [defendant’s opposition] dated Jan. 30, 2017).* Defendant claims the vendor manipulated him into signing the lease by misrepresenting that “this is just a paper which makes you responsible for damage or misuse of the equipment” (id.). Thus, defendant did not understand that he was entering into an equipment lease, but instead thought he was agreeing to cover any costs for broken or damaged equipment. Defendant claims at no point did the vendor mention anything about a long-term equipment lease, noncancelable or otherwise (id.). Defendant claims that the equipment did not function properly (id.). He asserts that he made repeated attempts via phone to contact the lessor and the vendor to return the equipment, but was never able to reach anyone (id.). When defendant ceased payments, plaintiff sued him under the personal guaranty. By this motion, plaintiff moves for summary judgment pursuant to CPLR 3212. For the following reasons, the court denies plaintiffs motion in its entirety.
While this particular claim and request for relief may not seem unusual, the surrounding situation is. This case is one of thousands of similar lawsuits plaintiff and related entities have filed in New York County Civil Court since 2010 (see verified petition ¶ 9 in State of New York v Northern Leasing, dated Apr. 11, 2016, index No. 450460/2016).
The Attorney General for the State of New York, Eric Schnei-derman, has sued plaintiff and supposedly related entities for allegedly engaging in a fraudulent scheme to ensnare unsophisticated business owners in equipment leases with mandatory forum selection clauses that designate New York courts, and contain other onerous terms, like the “hell or high water” clause mentioned earlier. According to the Attorney General, plaintiff buries these clauses in fine print (id. f 5).
Plaintiff often does not sell or market the leases directly. Instead, a salesperson from a separate company packages the lease with credit card processing services that an entirely different company provides (id. ¶ 42). The salesperson often fails to mention that the merchant is about to enter contracts with two separate companies, one to lease the equipment and the other to provide processing services (id. ¶[¶ 42-44). Indeed, according to the Attorney General’s lawsuit, “some representatives never mention any lease and consumers unwittingly sign *947 an equipment lease that is buried in paperwork for processing services” (id. ¶ 43).
Generally, the individuals the salespersons target are unsophisticated and without attorney representation (id.). Many are over 65, immigrants with poor English skills, veterans, and/or disabled (id. ¶¶ 50-52). If individuals refuse to pay Northern Leasing for various reasons, including that the equipment did not work, plaintiff files suit in New York State, typically against the personal guarantor (id. ¶ 7).
When considering a motion for summary judgment, the court must weigh the facts in favor of the nonmoving party (Adams v Bruno, 124 AD3d 566, 567 [2d Dept 2015]). A prima facie case for summary judgment on a personal guaranty requires producing a valid guaranty and demonstrating the guarantor’s failure to meet its payment obligations (see Reliance Constr. Ltd. v Kennedy, 70 AD3d 418, 419 [1st Dept 2010]).
Plaintiff urges it is entitled to summary judgment because of the irrevocable and unconditional nature of the equipment lease and personal guaranty regardless of any possible underlying fraud. However, as the party seeking summary judgment on a hell or high water lease, it is for plaintiff to show that a fraud defense lacks merit (see Sterling Natl. Bank v Kings Manor Estates, LLC, 9 Misc 3d 1116[A], 2005 NY Slip Op 51604[U], *4 [Civ Ct, NY County 2005]; cf. Wells Fargo Bank, N.A. v Stargate Films, Inc., 18 AD3d 264, 265 [1st Dept 2005]).
Here, it is undisputed that defendant did not speak English as a first language. Therefore, it is possible that defendant could not understand what he was signing. The complexity of the lease agreement and the chance that the salesperson may have purposefully failed to mention that the lease was separate from the processing contract raises the possibility that defendant was led to believe the lease charge and the processing fees were related. It is also possible that the vendor rendered defendant unaware that defendant was contracting to lease equipment. As the vendor allegedly promised him that his processing fees would be lower, when they were not (because the lease fees were actually an additional cost), defendant stopped paying. Plaintiff fails to offer any affidavit or statement from the underlying vendor to counter defendant’s assertions.
Given the similarity between defendant’s version of events and the allegations in the Attorney General’s complaint, there is an issue as to whether plaintiff took on this lease as a holder *948 in due course (see Sterling Natl. Bank v Chang, 10 Misc 3d 131 [A], 2005 NY Slip Op 51986[U], *1 [App Term, 1st Dept 2005] [triable issues of fact existed concerning the original lessor’s fraudulent inducement of the lease and plaintiff’s notice of this fraud where “(p)laintiff failed to offer an affidavit by anyone with personal knowledge of the original transaction that might bear on resolution of these issues”]). Indeed, appellate courts in New York have gone so far as to dismiss cases in similar situations. For example, in Studebaker-Worthington Leasing Corp. v New Concepts Realty, Inc. (25 Misc 3d 1, 8 [App Term, 2d Dept 2009]), the court stated:
“We note that although plaintiff stated in conclu-sory fashion that it purchased the challenged contract ‘for value, in good faith, and without notice of any defenses or claims,’ plaintiff offered no answer to defendants’ assertion that, based on earlier defaults under other NorVergence leases that had been assigned to plaintiff, plaintiff should have known at the time it acquired the lease at issue in this action that the means by which the lease had been procured were of dubious integrity.”
Based on the foregoing, plaintiff has not demonstrated a right to judgment as a matter of law. Issues of fact exist, inter alia, as to the vendor’s alleged fraud and plaintiff’s alleged knowledge or notice of such fraud. Accordingly, the court denies plaintiff’s motion for summary judgment (cf. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., “Rabobank Intl.,” N.Y. Branch v Navarro, 25 NY3d 485, 496 [2015] [in dicta, Court of Appeals distinguished instances where there could be collusion between plaintiff and the underlying fraudster]).
Accordingly, it is ordered that the court denies plaintiff’s motion seeking summary judgment in its favor.

 Plaintiff has not objected to the form of defendant’s opposition.