Pate v BNY Mellon-Alcentra Mezzanine III, LP (2018 NY Slip Op 04972)





Pate v BNY Mellon-Alcentra Mezzanine III, LP


2018 NY Slip Op 04972


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7067 654058/15

[*1]Luther S. Pate, IV, Plaintiff-Appellant,
v
BNY Mellon-Alcentra Mezzanine III, LP, et al., Defendants-Respondents.


Lupkin PLLC, New York (Jonathan D. Lupkin of counsel), for appellant.
Reed Smith LLP, New York (Casey D. Laffey of counsel), for respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 2, 2017, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.
Because the parties' release agreement contains a merger clause, the release agreement supersedes the preceding term sheet, and the breach of contract claim was correctly dismissed. Contrary to plaintiff's assertions, both agreements concern the same subject matter, that is, the default under the loan and the parties' negotiations in an attempt to avoid the impending foreclosure of the assets securing the loan (see Oorah, Inc. v Covista Communications, Inc., 149 AD3d 552 [1st Dept 2017]; Xi Mei Jia v Intelli-Tec Sec. Servs., Inc., 114 AD3d 607 [1st Dept 2014]; Kindler v Newsweek, Inc., 277 AD2d 159, 160 [1st Dept 2000]). LaRosa v Arbusman (74 AD3d 601, 603 [1st Dept 2010]), on which plaintiff relies, is factually distinguishable.
The fraudulent inducement claim was correctly dismissed because the merger clause in the release is not a general merger clause but by its express terms supersedes "any prior term sheet or correspondence," which is the basis for plaintiff's claims (compare White v Davidson, 150 AD3d 610, 612 [1st Dept 2017]; Remediation Capital Funding LLC v Noto, 147 AD3d 469, 471 [1st Dept 2017]; Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 169 [1st Dept 2015]). Moreover, the release contains a "No Other Representations" clause (see WT Holdings Inc. v Argonaut Group, Inc., 127 AD3d 544 [1st Dept 2015]).
For the foregoing reasons, the complaint fails to allege, in support of the fraudulent inducement claim, that plaintiff justifiably relied on defendants' representations that he was entitled to a 10% participation interest in a certain nonparty entity (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043 [2015]).
In addition, the fraudulent inducement claim is duplicative of the breach of contract claim, since it is predicated on an alleged expression of a future expectation or intent to perform, rather than on a misrepresentation of present fact (see Laduzinski, 132 AD3d at 168; Mañas v VMS Assoc., LLC, 53 AD3d 451, 453 [1st Dept 2008]).
The breach of the implied warranty of authority claim was correctly dismissed because the underlying allegations are conclusory and fail to establish the existence of an agreement concerning the 10% participation interest that would have been enforceable against the defendant [*2]entities had it been authorized (Gracie Sq. Realty Corp. v Choice Realty Corp., 305 NY 271, 282 [1953]; Broughton v Dona, 101 AD2d 897 [3d Dept 1984], appeal dismissed 63 NY2d 769 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK