Dynamic-Hakim, LLC v Maloney (2019 NY Slip Op 00836)





Dynamic-Hakim, LLC v Maloney


2019 NY Slip Op 00836


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8321 651765/17

[*1]Dynamic-Hakim, LLC, et al., Plaintiffs-Respondents, JBLTZ Holdings, LLC, etc., Plaintiff,
v
Kevin Maloney, et al., Defendants-Appellants, Franklin R. Kaiman, et al., Defendants, QPP Venture LLC, et al., Nominal Defendants.


Pryor Cashman LLP, New York (Ilene S. Farkas of counsel), for appellants.
Russ & Russ, P.C., Massapequa (Jay Edmond Russ of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 31, 2018, which, to the extent appealed from, denied defendants' motion to dismiss the cause of action for fraud in the inducement, unanimously modified, on the law, to grant the motion as to defendant KM QPP Equity, LLC, and otherwise affirmed, with costs.
The complaint alleges that defendant Kevin Maloney induced plaintiffs to turn over to him and defendant Property Markets Group, Inc. for full financing, development and construction a real estate project that plaintiffs Dynamic-Hakim, LLC and Brad Zackson had conceived of, created, and "made [] a reality," by misrepresenting to them that his and Property Markets Group's experience gave them the wherewithal to complete the project. Contrary to defendants' contention, the alleged misrepresentation is a misrepresentation of a material present fact, and is therefore sufficient to state a cause of action for fraud in the inducement against Maloney and Property Markets Group (see White v Davidson, 150 AD3d 610 [1st Dept 2017]). However, there are no facts alleged that would establish that this misrepresentation should be imputed to defendant KM QPP Equity, LLC. Although the complaint alleges that Maloney dominated defendant KM QPP Equity and controlled the project through KM QPP Equity as the managing member of one of the joint venture partners, it does not allege that defendant KM QPP Equity made any representations to plaintiffs to induce their participation in the project.
Contrary to defendants' further contention, the complaint also adequately pleads justifiable reliance by alleging that the facts underlying the fraud were peculiarly within Maloney and Property Markets Group's knowledge (see China Dev. Indus. Bank v Morgan Stanley & Co. Inc., 86 AD3d 435 [1st Dept 2011]).
The fraud cause of action is not duplicative of the breach of contract cause of action, because it alleges that the misrepresentation was made before the drafting of the contracts, to which plaintiffs are in any event not party, and thus is collateral to the promises to perform contained in the contracts (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954 [1986]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK