International Business Machs. Corp. v GlobalFoundries U.S. Inc. (2022 NY Slip Op 02341)

International Business Machs. Corp. v GlobalFoundries U.S. Inc.

2022 NY Slip Op 02341

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 653625/21 Appeal No. 15677 Case No. 2021-03776 

[*1]International Business Machines Corporation, Plaintiff-Appellant,
v
GlobalFoundries U.S. Inc., Defendant-Respondent.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Robert A. Atkins of counsel), for appellant.
Weil, Gotshal & Manges LLP, New York (David J. Lender of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 14, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's CPLR 3211(a)(7) motion to dismiss plaintiff's fraudulent inducement claim, unanimously reversed, on the law, with costs, and the motion denied.
From 2013 to June 2015, plaintiff International Business Machines Corporation (IBM) and defendant GlobalFoundries U.S. Inc. engaged in discussions concerning a collaborative venture whereby IBM would transfer its microelectronics business, including technology, engineers, and employees, to GlobalFoundries, along with $1.5 billion, and GlobalFoundries would develop and manufacture IBM's high performance semiconductor chips (HP chips) used in high performance computer servers and mainframes. On July 1, 2015, IBM and GlobalFoundries entered into numerous agreements to consummate the transaction, and IBM paid $750 million to GlobalFoundries. Within three months, GlobalFoundries notified IBM that it did not intend to develop, manufacture, or supply one type of HP chip contemplated by the agreements. The parties continued to work together, and IBM paid GlobalFoundries the second and third monetary installments owed under the contracts in December 2016 and December 2017. In 2018, GlobalFoundries told IBM it would no longer proceed with developing the replacement type HP chips.
IBM claims that on numerous occasions, and in order to induce it to enter into the contemplated transaction, GlobalFoundries told IBM that it had made a strategic decision and financial commitment to expand its presence, capacity, and investment in high performance semiconductor technology and chips. IBM alleges that those statements were false when they were made, and that without those assurances it would not have entered into the various contracts with GlobalFoundries.
IBM states a cause of action for fraudulent inducement in alleging that GlobalFoundries knowingly made material misrepresentations of present fact about its business plan and financial commitment that were untrue when made, and that IBM would not have entered into the agreements with GlobalFoundries had it not been for those misrepresentations (see Wyle Inc. v ITT Corp., 130 AD3d 438, 438-439 [1st Dept 2015]). In addition, the alleged misrepresentations of present fact are collateral to the parties' agreements (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]; Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 168-169 [1st Dept 2015]).
The fraudulent inducement claim is not duplicative of the breach of contract claims, as the fraud claim is not based upon promised performance of an obligation of GlobalFoundries under the contracts, and IBM seeks separate and distinct damages for each claim (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 67-68 [1st Dept 2017]). Furthermore, the various contracts' merger clauses are general, vague, and merely omnibus statements [*2]that the written instrument embodies the whole agreement between the parties. Thus, these clauses do not preclude the use of parol evidence to establish the fraudulent inducement claim (see Danann Realty Corp. v Harris, 5 NY2d 317, 320 [1959]; Laduzinski, 132 AD3d at 169). While the limited warranties or disclaimer provisions are more specific regarding representation and warranty subject matters covered by each agreement, none of the disclaimers could reasonably be interpreted to address representations about GlobalFoundries's business plan and strategies. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022