Goodale v Central Suffolk Hosp. (2022 NY Slip Op 06691)

Goodale v Central Suffolk Hosp.

2022 NY Slip Op 06691

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-01938
 (Index No. 4030/13)

[*1]Jesse Goodale III, et al., appellants,
v
Central Suffolk Hospital, etc., et al., respondents.

Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (John L. Ciarelli and Julianne M. Barlizo of counsel), for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Paul F. Millus and Daniel B. Rinaldi of counsel), for respondents.

DECISION & ORDER
In an action to rescind a pledge agreement and to recover damages for breach of contract and fraudulent inducement, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 5, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for fraudulent inducement, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2008, the plaintiffs, Jesse R. Goodale III (hereinafter Jesse) and Donna R. Goodale, also known as Dhonna Goodale, agreed to donate $1,000,000 to the defendants for the renovation and expansion of the defendants' emergency center. Jesse signed a pledge agreement for the donation. The plaintiffs subsequently commenced this action to rescind the pledge agreement and to recover damages for breach of contract and fraudulent inducement, alleging that the defendants had given the plaintiffs the naming rights for the emergency center, but had refused to name the emergency center in accordance with the plaintiffs' wishes. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs opposed the motion. The Supreme Court granted the motion in an order dated August 5, 2019, and the plaintiffs appeal.
"Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (Greenfield v Philles Records, 98 NY2d 562, 569; see Donohue v Cuomo, 38 NY3d 1, 13). Such evidence "is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [internal quotation marks omitted]; see Donohue v Cuomo, 38 NY3d at 13). A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion (see Greenfield v Philles Records, 98 NY2d at 569; Donohue v Cuomo, 38 NY3d at 13).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract by submitting, among other things, a copy of the pledge agreement, which, as the Supreme Court determined, was clear and unambiguous, and did not grant the plaintiffs naming rights for the emergency center. In opposition, the plaintiffs failed to raise a triable issue of fact. Their various submissions, which constituted parol evidence, were inadmissible to determine the parties' intent with regard to the pledge agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d at 163; Orlando v County of Putnam, 208 AD3d 503, 504-505). Thus, the court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.
Further, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to rescind the pledge agreement. "As a general rule, rescission of a contract is permitted 'for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract'" (RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654, quoting Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284; see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811). Here, the defendants established, prima facie, that the alleged breach of the pledge agreement did not substantially defeat the purpose of that agreement. In opposition, the plaintiffs failed to raise a triable issue of fact.
However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for fraudulent inducement. The fraudulent inducement cause of action is not duplicative of the breach of contract cause of action, as the fraudulent inducement cause of action is not based upon promised performance of an obligation of the defendants under the pledge agreement, and the plaintiffs sought separate and distinct damages for each cause of action (see International Bus. Machs. Corp. v GlobalFoundries US Inc., 204 AD3d 441, 442; Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 67-68). Furthermore, the use of parol evidence is not precluded to establish the fraudulent inducement cause of action (see Danann Realty Corp. v Harris, 5 NY2d 317, 320; International Bus. Machs. Corp. v GlobalFoundries US Inc., 204 AD3d at 442).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court