Hanover Ins. Co. v Catlin Specialty Ins. Co. (2023 NY Slip Op 03911)

Hanover Ins. Co. v Catlin Specialty Ins. Co.

2023 NY Slip Op 03911

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06515
 (Index No. 520127/19)

[*1]Hanover Insurance Company, appellant,
v
Catlin Specialty Insurance Company, respondent, et al., defendants.

Donnelly Minter & Kelly, LLC, New York, NY (Seth A. Abrams of counsel), for appellant.
Day Pitney, LLP, New York, NY (Matthew J. Shiroma and Kara A. Zarchin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Catlin Specialty Insurance Company has a duty to defend and indemnify nonparty Industria Superstudio Overseas in an underlying action entitled Wang v Industria Superstudio Overseas, Inc., pending in the Supreme Court, Kings County, under Index No. 519101/16, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 23, 2020. The order granted the motion of the defendant Catlin Specialty Insurance Company pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Catlin Specialty Insurance Company has no duty to defend or indemnify nonparty Industria Superstudio Overseas in an underlying action entitled Wang v Industria Superstudio Overseas, Inc., pending in the Supreme Court, Kings County, under Index No. 519101/16.
The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant Catlin Specialty Insurance Company (hereinafter the defendant) was required to defend and indemnify the plaintiff's insured, nonparty Industria Superstudio Overseas (hereinafter Overseas), in an underlying personal injury action entitled Wang v Industria Superstudio Overseas, Inc., pending in the Supreme Court, Kings County, under Index No. 519101/16. The defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, arguing that Overseas was not entitled to coverage as an additional insured under an insurance policy issued by the defendant to the general contractor Bulson Management LLC (hereinafter Bulson). The plaintiff opposed, arguing that the construction contract was ambiguous as to whether it intended to include Overseas as a party. In an order dated July 23, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Donohue v Cuomo, 38 NY3d 1, 13). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). "Extrinsic or parol evidence 'is admissible only if a court finds an ambiguity in the contract'" (Donohue v Cuomo, 38 NY3d at 13, quoting Schron v Troutman Sanders LLP, 20 NY3d 430, 436; see Goodale [*2]v Central Suffolk Hosp., 210 AD3d 956, 957).
Here, the construction contract at issue provides that the parties bound by its terms are the "Owner," namely "Fabrizio Ferri," the principal of Overseas, and "the Contractor," Bulson. It later specifies, "based on the premise that legal relationships on a construction project are comprised of two-party contractual arrangements," that the terms "Owner" and "Contractor" are "singular in nature," thus referring to exactly one person or entity. The space provided for the parties to identify a representative for the Owner was left blank. The signatories to the construction contract are "Graham R. Bruwer, Principal," on behalf of Bulson, and "Fabrizio Ferri." Overseas is not mentioned at all. Thus, this language unambiguously identifies Ferri as the only party contracting with Bulson.
The Supreme Court therefore properly construed the construction contract as between Ferri and Bulson and the additional insured language of that agreement to apply to them and not Overseas without reference to the extrinsic evidence the plaintiff offered in support of its alternative interpretation (see State of New York v Home Indem. Co., 66 NY2d 669, 671; Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co., 146 AD3d 932, 934). Accordingly, the court properly granted the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
The plaintiff's remaining contention is improperly raised for the first time in a reply brief (see U.S. Bank, N.A. v Faracco, 204 AD3d 953, 955).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant has no duty to defend or indemnify Overseas in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334; Ralex Servs., Inc. v Southwest Mar. & Gen. Ins. Co., 155 AD3d 800, 802).
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court