SM Owner, LLC v Envoy Towers Co., L.P. (2026 NY Slip Op 00395)

SM Owner, LLC v Envoy Towers Co., L.P.

2026 NY Slip Op 00395

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-09464
 (Index No. 616290/23)

[*1]SM Owner, LLC, appellant, 
vEnvoy Towers Company, L.P., et al., respondents.

Moritt Hock & Hamroff LLP, Garden City, NY (Alexander D. Widell and Danielle J. Marlow of counsel), for appellant.
Morrison Cohen LLP, New York, NY (Gayle Pollack and Joseph Kamelhar of counsel), for respondents.

DECISION & ORDER
In an action to compel the production of certain books and records of the defendant Envoy Towers Company, L.P., the plaintiff appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered June 18, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Envoy Towers Company, L.P. (hereinafter the partnership), is a limited partnership that was formed in 1961 for the purpose of acquiring certain real property located in Manhattan. The plaintiff alleged that it became a limited partner of the partnership in 2022. The plaintiff commenced this action against the partnership and its sole general partner, the defendant Envoy Realty Holdings, LLC, to compel production of the partnership's books and records pursuant to Partnership Law § 121-106 and the partnership's limited partnership agreement (hereinafter the partnership agreement). The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint, contending that the plaintiff was not a partner and, therefore, was not entitled to inspect the partnership's books and records. In an order entered June 18, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a), "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [the] plaintiff the benefit of every [possible] favorable inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see CPLR 3026). Pursuant to CPLR 3211(a)(1), a defendant may move to dismiss a complaint on the ground that a defense is founded upon documentary evidence. "[S]uch [a] motion may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). "In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997 [internal quotation marks omitted]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, [*2]deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]; see Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941).
Partnership Law § 121-106(a) requires a limited partnership to maintain certain records, and Partnership Law § 121-106(b) provides that "[a]ny partner" may, subject to reasonable standards, inspect and copy such records. The partnership agreement also included a provision requiring the partnership to maintain accurate books and entitling "all partners" to inspect such books at reasonable times. The complaint alleged that the plaintiff is entitled to inspect the books and records by statute and under the terms of the partnership agreement because it became a limited partner through a series of assignments. As to those assignments, the complaint alleged that the partnership admitted 162 additional limited partners upon its formation; in 1966, a limited partnership interest was assigned to Harry Marx; upon Harry Marx's death in 1992, the limited partnership interest passed to his estate; and in 2022, Harry Marx's estate assigned the limited partnership interest to Stanley Marx, who then assigned it to the plaintiff.
Partnership Law § 121-702(a) states that, except as provided in the partnership agreement, a partnership interest is assignable in whole or in part, the assignment does not entitle the assignee to become or to exercise any rights or powers of a partner, and "[t]he only effect of an assignment is to entitle the assignee to receive, to the extent assigned, the distributions and allocations of profits and losses to which the assignor would be entitled" (id. § 121-702[a][3]). Consistent with this limitation, Partnership Law § 121-702(c) provides that the assignee of a partnership interest who has not become a partner shall have no liability as a partner solely as a result of the assignment. Since the complaint alleged that the plaintiff became a limited partner by virtue of the assignment of a partnership interest, which, by statute, "does not . . . entitle the assignee to become . . . a partner" (id. § 121-702[a][2]) unless the partnership agreement provides otherwise, the plaintiff's purported status as a limited partner depends upon interpretation of the partnership agreement.
Paragraph "Seventh" of the partnership agreement provided that the general partners were authorized to admit additional limited partners, upon certain conditions, including that the additional limited partner sign the partnership agreement and be bound by its terms. Paragraph "Eighteenth" of the partnership agreement provided: "With the consent of the general partners and only with such consent any limited partner may assign his interest in the partnership. No limited partner shall have the right to substitute an assignee as a substituted limited partner in his place."
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (Greenfield v Philles Records, 98 NY2d 562, 569; see Donohue v Cuomo, 38 NY3d 1, 12). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (Greenfield v Philles Records, 98 NY2d at 569; see Donohue v Cuomo, 38 NY3d at 12-13). "Ambiguity exists if the agreement, 'read as a whole, fails to disclose its purpose and the parties' intent . . . , or when specific language is susceptible of two reasonable interpretations'" (Mulacek v ExxonMobil Corp., 42 NY3d 931, 933 [internal quotation marks omitted], quoting Ellington v EMI Music, Inc., 24 NY3d 239, 244).
Here, the partnership agreement utterly refutes the plaintiff's allegation that it became a limited partner by assignment. The clear and unambiguous language of the partnership agreement "indicates that the parties intended to observe the differences, as set forth in the Partnership Law, between assignees of a partnership interest and the admission into the partnership itself of new partners" (Rapoport v 55 Perry Co., 50 AD2d 54, 57). Contrary to the plaintiff's contention, the provision in the partnership agreement regarding the death of a limited partner and the rights of the personal representative of such decedent's estate is not inconsistent with this interpretation of the partnership agreement and does not render the partnership agreement ambiguous. The plaintiff's submissions in opposition to the motion constituted parol evidence, which was inadmissable to determine the parties' intent (see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 909; Goodale v Central Suffolk Hosp., 210 AD3d 956, 957).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court