■ COLEMAN & ASSOCIATES ENTERPRISES, INC., Appellant, v VERIZON CORPORATE SERVICES GROUP, INC., Respondent. [5 NYS3d 369]—

Appeal from order, Supreme Court, New York County (Eileen Bransten, J.), entered September 13, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's breach of contract and promissory estoppel causes of action, deemed appeal from judgment, same court and Justice, entered November 1, 2013, inter alia, dismissing said causes of action, and, so considered, the judgment is unanimously affirmed, with costs.

Even though plaintiff appealed from the order and not the ensuing final judgment, in the interests of justice, we deem plaintiff's notice of appeal from the order a valid notice of appeal from the judgment (*see* CPLR 5520 [c]; *Robertson v Greenstein*, 308 AD2d 381 [1st Dept 2003], *lv dismissed* 2 NY3d 759 [2004]).

The agreements unambiguously provided that the Professional Services Agreement was to be the overarching agreement governing the parties' relationship; that Statement of Work No. 1 (SOW 1) governed the work at the Norfolk, Virginia call center; and that Statement of Work No. 2 (SOW 2) governed the work at the Tampa, Florida call center. Contrary to plaintiff's contention, nothing in the agreements indicates that the annual labor rate increases provided for in SOW 1 also applied to SOW 2. Given the unambiguous language of the agreements, the motion court properly declined to consider plaintiff's extrinsic evidence (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]).

The court also properly dismissed the promissory estoppel claim, as the alleged conduct underlying the claim was governed by the written contracts, and plaintiff failed to allege a duty independent of the contracts (see *Saivest Empreendimentos Imobiliarios E. Participacoes, Ltda v Elman Invs., Inc.*, 117 AD3d 447, 449 [1st Dept 2014]; *Susman v Commerzbank Capital Mkts. Corp.*, 95 AD3d 589, 590 [1st Dept 2012], *lv denied* 19 NY3d 810 [2012]). Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ. **[Prior Case History: 2013 NY Slip Op 32188(U).]**