Parkmerced Invs., LLC v WeWork Cos. LLC (2023 NY Slip Op 03290)

Parkmerced Invs., LLC v WeWork Cos. LLC

2023 NY Slip Op 03290

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 652094/20 Appeal No. 477 Case No. 2022-00758 

[*1]Parkmerced Investors, LLC, Plaintiff-Appellant,
v
WeWork Companies LLC, etc., Defendant-Respondent.

Kasowitz Benson Torres LLP, New York (Paul M. O'Connor, III of counsel), for appellant.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 18, 2022, which granted defendant WeWork Companies LLC's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
The court correctly dismissed the breach of contract claim. A term sheet that "sets forth the general intent of the parties to discuss in good faith the terms and conditions" of a deal and states that "neither party shall be bound until the parties execute a more formal written agreement," does not constitute an enforceable contract (Keitel v E*TRADE Fin. Corp., 153 AD3d 1181, 1181 [1st Dept 2017], lv denied 31 NY3d 903 [2018] [internal quotation marks omitted]; see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]; Jordan Panel Sys. Corp. v Turner Constr. Co., 45 AD3d 165, 170 [1st Dept 2007]). Here, the inception sentence of the term sheet stated that what followed was a "non-binding indication of terms for a preferred equity investment" in plaintiff by WeWork and nonparty GMF Capital LLC. The final provision, titled "non-binding," reiterated that the parties understood and agreed that the term sheet was provided "solely for discussion purposes and is not a commitment or agreement of any kind on the part of WeWork . . . ." In addition, since the exclusivity fee, or liquidated damages provision, pertained to the very breach for which plaintiff seeks recovery, i.e., the failure to proceed or consummate the proposed transaction, actual damages are unavailable (see X.L.O. Concrete Corp. v Brady & Co., 104 AD2d 181, 184-185 [1st Dept 1984], affd 66 NY2d 970 [1985]; Wechsler v Hunt Health Systems, Ltd., 330 F Supp 2d 383, 426 [SD NY 2004]). The exclusivity fee, however, did not pertain to attorneys' fees, which were allowed if any party commenced any action against another in connection with the term sheet and prevailed (see Creative Waste Mgt., Inc. v Capitol Envtl. Servs., Inc., 495 F Supp 2d 353, 359 [SD NY 2007]).
The cause of action based upon breach of the covenant of good faith and fair dealing cannot be sustained absent a contractual obligation between the parties (see Duration Mun. Fund, L.P. v J.P. Morgan Sec. Inc., 77 AD3d 474, 474-475 [1st Dept 2010]). Nor can the claim be used as a substitute for the nonviable breach of contract claim (see BREAA LLC v Passarelli, 104 AD3d 542 [1st Dept 2013]). Furthermore, plaintiff's vague assertions that WeWork refused to negotiate in good faith were conclusory (see Duration Mun. Fund, 77 AD3d at 475).
The promissory estoppel claim was correctly dismissed as duplicative of the breach of contract claim (see Coleman & Assoc. Enters., Inc. v. Verizon Corp. Servs Group, Inc., 125 AD3d 520, 521 [1st Dept 2015]). Moreover, the claim was undercut by the absence of a "sufficiently clear and unambiguous" promise (Schroeder v Pinterest Inc., 133 AD3d 12, 32 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023